IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

CATHERINE A. McGUIRE,
    Plaintiff

-vs.-

DELAWARE RIVER & BAY
AUTHORITY,
    Defendant.

C.A. No. 06 - 640

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

**Comes now,** the Plaintiff, CATHERINE A. McGUIRE, by and through her attorney, PETER E. HESS, Esq. and allege and aver as follows:

1) This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2) This is an action for personal injuries occurring onboard a commercial ferry vessel while engaged in maritime commerce on the navigable water of the United States and within the territorial waters of the State of Delaware. It is brought pursuant to the admiralty jurisdiction of the United States District Court as set forth in Article III of the U.S. Constitution.

### I. The Parties

3) Catherine A. ("Cathy") McGuire (hereinafter, "McGuire"), d.o.b. September 6, 1944, is a domicile of the State of New Jersey whose residence is at 278A Milford Lane, Monroe Township, New Jersey 08831.

4) The Delaware River & Bay Authority ("DRBA") is an interstate agency created pursuant to the laws of the States of Delaware and New Jersey, with its headquarters at the Administrative Building adjacent to the Delaware Memorial Bridge, New Castle Ave. at the intersection of Route 9 and Interstate 295, P.O. Box 71, New Castle, New Castle County, Delaware 19720.

### II. The Facts

5) On October 17, 2004, Cathy McGuire was a paying passenger onboard the DRBA ferry vessel *CAPE HENLOPEN,* carrying vehicular and pedestrian traffic between Lewes, Delaware and Cape May, New Jersey.



6) As the ferry approached its terminal in Lewes, Delaware, an announcement was made to car passengers to return to their vehicles in preparation for disembarking. As McGuire was approaching her car, suddenly and without warning, the ferry forcefully struck the pilings aligning the ferry landing with sufficient violence that McGuire was thrown off her feet and onto the metal decking of the vessel.

7) Clutching for a hand railing that did not exist, McGuire's body landed violently on the deck, her cheek striking a steel retaining bar approximately six inches off the deck. The steel bar which separates the vehicular parking area from the bulkheads surrounding the ferry's stairwell.

8) McGuire sustained severe facial lacerations, contusions, hemotomas and a fractured left zygomatic arch. She also sustained bruising and severe pain along the length of the left side of her ribcage. A crew member brought her ice, took a report and summoned an ambulance.

9) McGuire was treated at the Beebe Hospital Emergency Room in Lewes, DE and later discharged to the treatment of her own physicians in New Jersey.

10) McGuire underwent conservative treatment for several months which included periodic monitoring of the healing of her facial bones and ribcage.

11) McGuire's face was severely bruised and disfigured for several months. She sustained permanent damage to her face and the bone structure thereunder, including numbness and a lack of any sensation to the portion of her cheek which impacted the steel rail. There is permanent disfigurement where the fracture healed and McGuire's face remains sensitive to the touch and acutely susceptible to cold and humidity.

### III. Negligence

12) The Plaintiffs incorporate and re-allege allegations 1) - 11).

13) This is an action for negligence.

14) DRBA, as a common carrier, owes a duty of due care to its passengers, a class of persons to who the Plaintiff McGuire belongs.

15) DRBA breached its duty of due care to McGuire in the following manner:

    a) by failing to adequately warn its passengers of the impending impact with the wooden pilings; and,

    b) by failing to exercise due care in the navigation of the ferry vessel so as to avoid forceful impact with the pilings; and,

c) by failing to provide a hand rail for its passangers to arrest their fall in the event of the impact of an allision or collision or in the event of a severe list or rolling of the vessel; and,

d) by other reasons as shall be made evident during the discovery phase of this litigation.

WHEREFOR, Plaintiff McGuire prays for a finding of negligence by DRBA under the general maritime law and for the imposition of a judgment for compensatory and special damages, temporary and permanent disability, disfigurement, pain and suffering, the negligent infliction of emotional distress, humiliation, aggravation, reasonable attorneys fees and the costs of this action, and such other damages as are just and reasonable.

Respectfully submitted,

October 17, 2006
Dated

PETER E. HESS, Esq.
P.O. Box 7753
Wilmington, DE 19803-7753
ph: (302) 690-1715
DE Bar No. 2298

ATTORNEY FOR
PLAINTIFF CATHY MCGUIRE

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Catherine A. McGuire

**DEFENDANTS**
Delaware River + Bay Authority

(b) County of Residence of First Listed Plaintiff: Gloucester Co., NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle, DE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Peter E. Hess, Esq.
Ph (302) 690-1715
PO Box 7753
Wilmington DE 19803-7753

Attorneys (If Known): 06-640

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Constitution, Art III Cl. 6 - Admiralty Jurisdiction
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____  DOCKET NUMBER _____

DATE: October 17, 2006
SIGNATURE OF ATTORNEY OF RECORD: Peter E. Hess

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Receipt # 145061   10/17/06   ISI
SUMMONS ISSUED

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 6 - 6 4 0__

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

__OCT 1 7 2006__
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action