IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE A. McGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | CA: 06-640 (GMS) |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| DELAWARE RIVER & BAY AUTHORITY, | ) | |
| | ) | |
| Defendant | ) | |

### ANSWER OF DEFENDANT DELAWARE RIVER AND BAY AUTHORITY TO PLAINTIFF'S COMPLAINT

Defendant, Delaware River and Bay Authority, by and through its attorneys, Rosenthal, Monhait & Goddess, P.A., hereby answers Plaintiff's Complaint as follows:

1. Admitted.

2. The allegations contained in Paragraph 2 are conclusions of law to which no response is required. By way of further answer, Plaintiff's Complaint speaks for itself. All remaining allegations are denied and strict proof thereof is demanded at trial.

3. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore same are denied and strict proof thereof is demanded at trial.

4. Denied as stated. It is admitted only that Answering Defendant is a bi-state agency with its principal offices at the Delaware Memorial Bridge in New Castle, Delaware.

5. Denied as stated. It is admitted only that on October 17, 2004, Plaintiff was a passenger on the ferry CAPE HENLOPEN, which carries vehicles and passengers between Cape May, New Jersey and Lewes, Delaware.

6. Denied as stated. It is admitted that various safety and other announcements are made onboard the ferry, including an announcement alerting passengers that the vessel is approaching the dock and when it is time for the passengers to return to their vehicles. It is specifically denied that the vessel struck the pilings or any part of the dock. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and, therefore, same are denied and strict proof thereof is demanded at trial.

7. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, same are denied and strict proof thereof is demanded at trial. By way of further answer, Answering Defendant does not understand the reference to a "steel retaining bar."

8. Denied as stated. It is admitted only that the crew responded appropriately when Plaintiff reported that she had fallen. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and therefore same are denied and strict proof thereof is demanded at trial.

9. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore same are denied and strict proof thereof is demanded at trial.

10. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore same are denied and strict proof thereof is demanded at trial.

11. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore same are denied and strict proof thereof is demanded at trial.

12. Answering Defendant hereby incorporates by reference its answers to Paragraphs 1-11 of Plaintiff's Complaint as if set forth fully herein.

13. The allegations contained in Paragraph 13 are conclusions of law to which no response is required. By way of further answer, Plaintiff's Complaint speaks for itself.

14. Denied. The allegations contained in Paragraph 14 are conclusions of law to which no answer is required. To the extent that an answer is deemed to be required, the allegations are denied.

15. Denied. It is specifically denied that Answering Defendant breached any of its obligations to Plaintiff under law or contract.

WHEREFORE, Defendant Delaware River & Bay Authority demands judgment in its favor and against Plaintiff, together with costs, attorneys' fees and such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

16. Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

17. Answering Defendant claims all of the defenses contained in the passenger ticket contract, including, but not limited to, the failure of Plaintiff to file this lawsuit within one year from the day when the alleged bodily injury occurred.

18. Plaintiff fails to state a claim upon which relief can be granted.

19. Plaintiff assumed the risk of her injuries, if any.

20. Plaintiff failed to mitigate her damages, if any.

21. Answering Defendant further avers that whatever injuries, illnesses or disabilities are alleged by the Plaintiff, these were sustained solely by reason of Plaintiff's own comparative negligence or contributory negligence, and/or are a continuation or result of prior illnesses, conditions or disabilities that existed prior to the time of the injury alleged in the Complaint and/or by failing to act as a reasonably prudent person would have acted under the same or similar circumstances.

22. At all material times, Answering Defendant complied with all applicable standards of law, regulations and statutes.

23. None of the losses allegedly sustained by Plaintiff resulted from any act or failure to act on the part of Answering Defendant.

24. Answering Defendant did not breach any of its obligations under law or contract.

25. Answering Defendant claims all the defenses available to it under general maritime law and under state law.

26. It is specifically denied that Answering Defendant was negligent, or that the vessel M/V CAPE HENLOPEN was unseaworthy in any manner whatsoever.

27. Answering Defendant asserts its statutory right to exoneration from or limitation of liability pursuant to 46 U.S.C. §181 et seq., commonly known as the Limitation of Liability Act.

28. Answering Defendant asserts its statutory right to sovereign immunity and/or all defenses available to it under the Delaware Tort Claims Act.

29. The Delaware River and Bay Authority is not a common carrier.

30. Plaintiff's injuries and/or damages, if any, were proximately caused by third parties over whom Answering Defendant had no responsibility or control.

Rosenthal, Monhait & Goddess, P.A.

By: *Carmella P. Keener*
Carmella P. Keener, Esquire (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
*Attorney for the Defendant,*
*Delaware River & Bay Authority*

Of counsel:
Mary Elisa Reeves, Esquire
6 Royal Avenue
P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690

DATE: July 3, 2007